Allen B. Felahy (State Bar No. 190177)
Oscar Ramirez (State Bar No. 236768)
Boris Sorsher (State Bar No. 251718)
**FELAHY LAW GROUP**
4000 Cover Street, Suite 100
Long Beach, CA 90808
Telephone: (562) 499-2121
Facsimile: (562) 499-2124

Attorneys for Plaintiff
MARILYN PORTER

Phillip J. Eskenazi (State Bar No. 158976)
peskenazi@hunton.com
Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HIW, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN PORTER, individually, and on behalf of a California Class of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-06903-MMM (JCGx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference: November 8, 2010<br>Time: 9:30 a.m.<br>Courtroom: 780<br><br>Action filed:   August 4, 2010<br>Removal Date: September 16, 2010 |

JOINT RULE 26(f) REPORT

Plaintiff Marilyn Porter ("Plaintiff") and Defendant Lowe's HIW, Inc. ("Lowe's"), pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, hereby submit the following Joint Rule 26(f) Report, following the conference of counsel held on October 18, 2010.

## I. SUMMARY OF CLAIMS AND AFFIRMATIVE DEFENSES

### A. Plaintiff's Contentions

Plaintiff contends that Lowe's failed to comply with California's wage and hour laws by providing its employees with all legally owed overtime and double time payments. Accordingly, Plaintiff contends that the class members are entitled to recover both wages and statutory penalties.

### B. Lowe's Contentions

Lowe's contends that this lawsuit lacks merit.  Lowe's timely pays its hourly employees any and all overtime compensation due under California law.  In addition, part of the relief sought in Plaintiff's Complaint has been released in one or more settlements in any event.

## II. KEY LEGAL ISSUES

Key legal issues in this lawsuit include:

- whether overtime compensation is due, and whether Lowe's failed to pay overtime compensation to its employees who worked seven or more consecutive days as alleged in Plaintiff's Complaint;
- whether Lowe's engaged in any unlawful, unfair, or fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*;
- whether Plaintiff can obtain waiting time penalties; and
- whether this case should proceed as a class action.

## III. AMENDMENT TO PLEADINGS

At this time, Plaintiff does not intend to amend the operative complaint. However, if new facts are discovered which give rise to a need to amend the

pleadings, Plaintiff will seek leave to file an amended complaint. At this time, neither party intends to add other parties to this action.

## IV. CONTEMPLATED MOTIONS

Plaintiff will file a motion for class certification. Plaintiff also reserves the right to file a Motion for Summary Adjudication of various affirmative defences asserted by Lowe's.

Lowe's contemplates, and reserves the right to bring, a Motion for Summary Judgment on all claims and a Motion to Deny Class Certification.

## V. SETTLEMENT

The parties agree to participate in a non-judicial dispute resolution proceeding before a private mediator at a later time, pursuant to California Central District Local Rule 16-15.4.

## VI. COMPLEX LITIGATION

The parties currently do not believe that this is a "complex matter" that requires reference to the Manual on Complex Litigation.

## VII. DISCOVERY PLAN

The parties discussed proposed discovery in this case, and reached the following agreements:

 1. **Limitations on Discovery:** The parties discussed the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules for the Central District of California. The parties agreed to increase the number of permissible depositions from 10 to 75. The parties did not agree to increase the number of permissible interrogatories, but agreed to meet and confer as appropriate.

 2. **Initial Disclosures:** The parties agreed to exchange initial disclosures by November 18, 2010.

 3. **Bifurcation Agreement:** The parties agreed that since this action was brought as a class action the parties may benefit from a future bifurcation agreement, which will divide discovery into pre and post certification stages. However, at this

time, the parties have not reached an agreement as to the appropriate scope for an agreement of this nature.

**4.** **Electronic Discovery:** The parties have discussed electronic discovery as appropriate. Lowe's explained its ordinary business practices with respect to the preservation of electronic information, including email. Due to the nature of the claims and defenses in this case, the parties agreed that Lowe's need not alter its ordinary business practices with respect to the preservation of email at this time, although the parties agreed to meet and confer as necessary.

**5.** **Stipulated Protective Order:** The parties are conferring to develop a stipulated protective order.

## VIII. CLASS CERTIFICATION BRIEFING SCHEDULE AND OTHER DEADLINES

Lowe's agreed to waive Central District Local Rule 23-3's 90-day deadline by which Plaintiffs shall file a motion for class certification in exchange for a particular briefing schedule. Accordingly, the parties propose that the Court adopt the following class certification briefing schedule:

- Deadline to file Plaintiff's Motion for Class Certification: June 1, 2011
- Deadline to file Opposition to Plaintiff's Motion for Class Certification: July 25, 2011
- Deadline to file Reply to Plaintiff's Motion for Class Certification: September 2, 2011
- Hearing on Plaintiff's Motion for Class Certification: October 3, 2011

The parties also propose the following deadlines:

- Last day to amend pleadings: January 15, 2011
- Discovery Cut-off: May 4, 2012
- Last Day for Hearings on Motions: August 13, 2012

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1     •   Pre-trial Conference:                                September 10, 2012

2     •   Trial:                                                September 23, 2012

The parties submit that it is premature to estimate the number of court days for a trial as the duration of trial is contingent upon the Court's ruling on Plaintiffs' Motion for Class Certification and/or Lowe's Motion to Deny Class Certification.

## IX. MAGISTRATE

The parties respectfully decline to have a Magistrate Judge preside over the proceedings.

Dated:  November 1, 2010                    **FELAHY LAW GROUP**

By:  /s/  Boris Sorscher
      BORIS SORSCHER
      Attorneys for Plaintiff
      MARILYN PORTER

Dated:  November 1, 2010                    **HUNTON & WILLIAMS LLP**

By:  /s/  Kirk A. Hornbeck
      KIRK A. HORNBECK
      Attorneys for Defendant
      LOWE'S HIW, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627