| | |
|---|---|
| 1 | Phillip J. Eskenazi (SBN 158976) |
|   | peskenazi@hunton.com |
| 2 | Kirk A. Hornbeck (SBN 241708) |
|   | khornbeck@hunton.com |
| 3 | **HUNTON & WILLIAMS LLP** |
|   | 550 South Hope Street, Suite 2000 |
| 4 | Los Angeles, California 90071-2627 |
|   | Telephone: (213) 532-2000 |
| 5 | Facsimile: (213) 532-2020 |
| 6 | Attorneys for Defendant |
|   | LOWE'S HIW, INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN PORTER, individually and on behalf of other members of the general public similarly situated, | Case No.: 2:10-cv-06903-MMM (JCGx) |
| Plaintiff, | **DEFENDANT LOWE'S HIW, INC.'S:** |
| | **(1) NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; AND** |
| v. | **(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 100, inclusive, | Date: July 18, 2011 |
| | Time: 10:00 a.m. |
| Defendant. | Courtroom: 780 |
| | *[Statement of Uncontroverted Facts and Conclusions of Law; Declarations of Srinivas Kannepalli and Steven B. Proctor; and [Proposed] Order filed concurrently herewith]* |
| | Action filed: August 4, 2010 |
| | Trial Date: November 15, 2011 |

DEFENDANT LOWE'S HIW, INC.'S MOTION FOR SUMMARY JUDGMENT

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, July 18, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 780 of the above-referenced Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Lowe's HIW, Inc. ("Lowe's") will, and hereby does, move for summary judgment on the Complaint of Plaintiff Marilyn Porter ("Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Lowe's Motion is based on the ground that there are no material facts in dispute and Lowe's is entitled to judgment as a matter of law. Plaintiff's claims are predicated upon an erroneous interpretation of the overtime laws and she cannot even establish an entitlement to a "seventh day overtime premium," much less that Lowe's failed to pay any amount owing. Accordingly, Plaintiff's claims fail as a matter of law.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Srinivas Kannepalli, and Steven B. Proctor filed concurrently herewith, the pleadings and papers on file, and upon such oral argument as may be made at the hearing on the Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on January 24, 2011.

Dated:  March 25, 2011

**HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi
Kirk A. Hornbeck

By   /s/  Phillip J. Eskenazi
      Phillip J. Eskenazi
      Attorneys for Defendant
      LOWE'S HIW, INC.

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ....................................................................................1

    A. Plaintiff's Allegations. ................................................................................1

    B. Lowe's Overtime Policy. .............................................................................2

III. SUMMARY JUDGMENT STANDARD ............................................................3

IV. THE COURT SHOULD GRANT SUMMARY JUDGMENT FOR LOWE'S BECAUSE LOWE'S DOES NOT OWE PLAINTIFF ANY OVERTIME. ..........................................................................................................3

    A. Lowe's "Workweek" Runs From Saturday Through Friday. ....................3

    B. Plaintiff Never Worked All Seven Days in One Lowe's "Workweek," and Thus, Was Not Eligible to Earn A Seventh Day Overtime Premium. ..................................................................................4

V. CONCLUSION .......................................................................................................6

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................ 3

*Blasdell v. State of N.Y.*,
    1992 WL 469733 (N.D. N.Y. Sept. 8, 1992) .............................................. 4, 5

*Brody v. AstraZeneca Pharmaceuticals, LP*,
    2008 WL 6953957 (C.D. Cal. June 11, 2008) ................................................ 4

*In re United Parcel Serv. Wage and Hour Cases*,
    190 Cal. App. 4th 1001, 118 Cal. Rptr. 3d 834 (2010) .................................. 4

*Porter v. Cal. Department of Correction*,
    419 F.3d 885 (9th Cir. 2005) .......................................................................... 3

## STATUTES AND RULES

California Business and Professions Code § 17200 *et seq* ....................................... 2

California Labor Code § 510 ............................................................................ 1, 3, 4, 5

Federal Rules of Civil Procedure 56(c) .................................................................... 3

## OTHER AUTHORITIES

DLSE Enforcement Policies and Interpretations Manual (June 2002) ..................... 4

I.W.C. Wage Order 7-2001 ........................................................................................ 5

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's entire lawsuit is based on an erroneous legal premise -- that California law entitles non-exempt employees to overtime on the seventh day whenever they work any seven consecutive days. That is simply not the law. Rather, a non-exempt employee is only entitled to overtime on the seventh day when she works all seven days in a single "workweek," which is defined by the employer. There is simply no requirement that an employer pay overtime to any employee who works seven consecutive days over two workweeks.

Lowe's complies with California law and pays its employees overtime when they work all seven days in a single workweek. Lowe's does not, however, pay employees overtime for simply working seven consecutive days over two workweeks because California law plainly does not require such. Accordingly, Plaintiff's overtime theory is untenable and her claims necessarily fail. Moreover, the undisputed evidence establishes that Plaintiff never even worked all seven days in a Lowe's workweek and thus, cannot establish an entitlement to a seventh day overtime premium, much less that Lowe's "failed" to pay. Accordingly, Plaintiff's claims fail as a matter of law, and the Court should grant summary judgment in Lowe's favor.

## II.

## STATEMENT OF FACTS

**A.    Plaintiff's Allegations.**

Plaintiff is a former non-exempt employee of Lowe's who worked at its Central Long Beach store from March 2004 to July 2010. SUF No. 1 (Declaration of Srinivas Kannepalli ("Kannepalli Decl.") ¶ 5). Plaintiff alleges that between June 11, 2009 and the present, Lowe's failed to pay overtime to its hourly employees when they "worked seven or more consecutive work days." *Id.* at ¶ 34. Plaintiff asserts causes of action for violation of California Labor Code §§ 510 and 1194, and for violation of

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  California Business and Professions Code § 17200 *et seq.*  Complaint ¶¶ 28-37 & 38-
2  42.  She seeks all overtime pay allegedly owed and derivative "waiting time penalties"
3  based on the alleged failure to pay overtime, among other forms of relief.  *Id.* at ¶¶ 36
4  (overtime, attorneys' fees, and injunction); 37 (waiting time penalties) and *id.* at p. 9
5  (punitive damages).  Accordingly, Plaintiff's entire Complaint hinges on her overtime
6  claim.

### B.   Lowe's Overtime Policy.

Lowe's owns and operates home improvement retail stores.[1]  Lowe's has a written policy to pay, and a practice of paying, all overtime compensation due under the law to its employees.  Kannepalli Decl. ¶ 3, Exh. A.  The same policy defines the company's "workweek" as running from Saturday through Friday.  SUF No. 2 (*id.* at Exh. A:  "Unless otherwise specified, the Company *workweek* runs from 12:00 am Saturday through 11:59 PM Friday.") (emphasis in original).

If a non-exempt employee works all seven days in a Lowe's workweek, then Lowe's pays that person overtime on the seventh day.  Declaration of Steven B. Proctor ("Proctor Decl.") ¶ 5.  Indeed, Lowe's computerized payroll system is programmed to credit an employee with the requisite overtime for all hours worked on the seventh day under such circumstances.  *Id.*

In the instant case, Lowe's payroll and time records establish that between June 11, 2009 and July 2, 2010 (*i.e.*, the dates of Plaintiff's employment within the proposed class period), Plaintiff never worked all seven days in one Lowe's workweek.  SUF No. 3 (Proctor Decl., Exhs. A (time records) & B (pay records)); *see* Appendix A (summary chart of dates and hours worked by Plaintiff).[2]  It is axiomatic,

---

[1] Lowe's provides many of these facts for background purposes.  The facts that are germane to Lowe's entitlement to summary judgment are set forth in its Statement of Uncontroverted Facts and Conclusions of Law ("SUF") filed concurrently herewith.

[2] For the Court's convenience, Lowe's has taken the information contained in Exhibit A to the Proctor Declaration and created a more user-friendly document that is attached hereto as Appendix A.  This is solely for the Court's convenience and not meant as a replacement for or supplement to the Proctor Declaration.

therefore, that Lowe's could not have "failed" to pay Plaintiff a seventh day overtime premium.

## III.

## SUMMARY JUDGMENT STANDARD

Summary judgment is a method for prompt disposition of an action in which there is no genuine issue of material fact. Rule 56 of the Federal Rules of Civil Procedure requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Porter v. Cal. Dep't. of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The party opposing summary judgment cannot "rest upon mere allegations or denial of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is genuine and material issue if it cannot reasonably be resolved in favor of either party and may affect the outcome of the suit. *Id.* at 248, 250-51.

As set forth below, there are no material facts in dispute and Lowe's is entitled to judgment as a matter of law.

## IV.

## THE COURT SHOULD GRANT SUMMARY JUDGMENT FOR LOWE'S BECAUSE LOWE'S DOES NOT OWE PLAINTIFF ANY OVERTIME.

### A.   Lowe's "Workweek" Runs From Saturday Through Friday.

An employee's entitlement to a seventh day overtime premium only arises where the employee works all seven days in the employer's "workweek." Cal. Labor Code § 510(a). The term "workweek" is statutorily defined as "any seven consecutive days, starting with the same calendar day each week." Cal. Labor Code § 500(b) ("Section 500") (also providing that "'Workweek' is a fixed and regularly recurring

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

1  period of 168 hours, seven consecutive 24-hour periods."); Industrial Welfare
2  Commission Wage ("I.W.C.") Order 7-2001 § 2(Q).
3        Each employer may designate its own "workweek" so long as it is "fixed and
4  regularly recurring" and "start[s] with the same calendar day each week." Cal. Labor
5  Code § 500(b). Federal law, which is persuasive in this context, is in accord.[3]
6  *Blasdell v. State of N. Y.*, No. 91-CV-1014, 1992 WL 469733, *2 (N.D. N.Y. Sept. 8,
7  1992) (holding that the FLSA does "not require that the workweek begin on any given
8  day of the week" provided that "the starting day remain[s] constant").
9        Furthermore, the Division of Labor Standards Enforcement ("DLSE"), the state
10 agency charged with enforcing California's Labor Code statutes and Industrial
11 Welfare Commission orders, has also concluded that employers may pre-designate
12 what constitutes a "workweek," "so long as it is fixed and regularly recurring." *See*
13 DLSE Enforcement Policies and Interpretations Manual at § 48.1.3 (June 2002)
14 ("DLSE Manual") ("An employer may establish different workweeks for different
15 employees . . . ."); *id.* at § 48.1.3 ("Normally the workweek is the seven-day period
16 used for payroll purposes.").[4]
17       Here, it is uncontroverted that at all times during the relevant period, Lowe's
18 workweek has run from Saturday through Friday. SUF No. 2 (Kannepalli Decl. ¶ 3,
19 Exh. A.
20 **B.     Plaintiff Never Worked All Seven Days in One Lowe's "Workweek," and**
21       **Thus, Was Not Eligible to Earn A Seventh Day Overtime Premium.**
22       California law provides that non-exempt employees who work every day in the
23 employer's "workweek" are entitled to overtime compensation on the workweek's
24 final day. Cal. Labor Code § 510(a). In contrast, employees who work seven

---

[3] Authorities construing the Fair Labor Standards Act ("FLSA") are persuasive because California's wage and hour laws are modeled on their federal counterparts. *Brody v. AstraZeneca Pharms.*, LP, No. CV 06-6862-ABC, 2008 WL 6953957, *6 (C.D. Cal. June 11, 2008).

[4] The DLSE's interpretation is persuasive authority. *In re United Parcel Serv. Wage and Hour Cases*, 190 Cal. App. 4th 1001, 118 Cal. Rptr. 3d 834, 840 (2010).

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

consecutive days over *two* workweeks are not entitled to a seventh day overtime premium. This distinction arises from the statute's plain language, which provides that "the first eight hours worked on the seventh day of work *in any one workweek* shall be compensated at the [overtime] rate." Cal. Labor Code § 510(a) (emphasis added).

I.W.C. Wage Order 7-2001 confirms that the plain language of Section 510(a) means just what it says. I.W.C. Wage Order 7-2001 at § 3(A)(1) ("Employment beyond . . . six (6) days in any workweek is permissible provided the employee is compensated for such overtime . . . for the first eight (8) hours worked on the seventh (7th) consecutive day of work *in a workweek*") (emphasis added). Federal law is in accord. *Blasdel*, 1992 WL 469733 at *2 (holding that where employees worked seven consecutive days, but "first five days of this work stretch fell within one 'workweek' and the sixth and seventh days fell within another, no overtime compensation was required by the FLSA.").

Moreover, the DLSE supports this position and has expressly stated that an employee can work more than seven (7) consecutive days over two workweeks without being entitled to any overtime:

> If an employee's workweek begins on Monday morning, but she is not called in to work until Wednesday to work seven consecutive 8-hour days, until Tuesday, she is not due any overtime. . . . Monday begins a new workweek, and she could work 8-hour days through Friday without any overtime due, *thus having worked 10 consecutive days without overtime*.

DLSE Manual at § 48.1.3.2 (emphasis added); *see also* DLSE Memo., *Understanding AB 60: An In Depth Look at the Provisions of the "Eight Hour Day Restoration and Workplace Flexibility Act of 1999"* (Dec. 23, 1999) ("even though the employee worked ten days in a row, there is no seventh day premium pay, because the employee did not work seven consecutive days in any one workweek."), quoted in full as Addendum A in *National Steel & Shipbuilding Co. v. Superior Court*, 38 Cal. Rptr. 3d 253 (2006).

5

DEFENDANT LOWE'S HIW, INC.'S MOTION FOR SUMMARY JUDGMENT

Here, it is beyond dispute that during the relevant period, Plaintiff never worked seven consecutive days in any Lowe's workweek. SUF No. 3; *see* Appendix A (summary chart). As a matter of law, therefore, she was never even eligible to earn a seventh day overtime premium, and Lowe's necessarily did not "fail" to pay any overtime. Accordingly, as each of Plaintiff's claims is predicated on the alleged failure to pay overtime on the seventh day, all claims fail as a matter of law.

## V.
## **CONCLUSION**

For the foregoing reasons, Lowe's respectfully requests that the Court grant its motion for summary judgment.

Dated:  March 25, 2011              **HUNTON & WILLIAMS LLP**
                                    Phillip J. Eskenazi
                                    Kirk A. Hornbeck


                                    By      /s/  Phillip J. Eskenazi
                                            Phillip J. Eskenazi
                                            Attorneys for Defendant
                                            LOWE'S HIW, INC.