Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com
Kirk A. Hornbeck (SBN 241708)
khornbeck@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HIW, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN PORTER, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 2:10-cv-06903-MMM (JCGx)<br><br>**DEFENDANT LOWE'S HIW, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:        July 18, 2011<br>Time:       10:00 a.m.<br>Courtroom: 780<br><br>*[Motion for Summary Judgment, Declarations of Srinivas Kannepalli and Steven B. Proctor; and [Proposed] Order filed concurrently herewith]*<br><br>Action filed: August 4, 2010<br>Trial Date:   November 15, 2011 |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1, Defendant Lowe's HIW, Inc. ("Lowe's") submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment, which is filed concurrently herewith.

## Uncontroverted Facts

| No. | Uncontroverted Facts | Supporting Evidence |
| --- | --- | --- |
| 1. | From March 26, 2004 to July 2, 2010, Plaintiff Marilyn Porter ("Plaintiff") was a non-exempt, hourly employee of Lowe's. | Declaration of Srinivas Kannepalli ("Kannepalli Decl.") ¶ 5; Complaint ¶ 2. |
| 2. | At all times since June 11, 2009, Lowe's pre-designated workweek has run from Saturday through Friday. | Kannepalli Decl. ¶ 4, Exh. A ("Unless otherwise specified, the Company *workweek* runs from 12:00 am Saturday through 11:59 PM Friday.") (emphasis in original). |
| 3. | Between June 11, 2009 and July 2, 2010 (*i.e.*, the dates of Plaintiff's employment within the proposed class period), Plaintiff never worked all seven days in one Lowe's workweek. | Declaration of Steven B. Proctor, Exhs. A (time records) & B (payroll records); *see* Appendix A (summary chart of dates and hours worked by Plaintiff). |

## Conclusions of Law

1. Pursuant to California Labor Code § 510, a non-exempt employee only accrues a seventh day overtime premium when he or she works all seven days "in any one workweek." Cal. Labor Code § 510(a).

2. An employer designates a "workweek" within the limitations imposed by California Labor Code § 500(b) and Industrial Welfare Commission Wage ("I.W.C.") Order 7-2001 § 2(Q). Cal. Labor Code § 500(b); I.W.C. Order 7-2001 § 2(Q); *see Blasdell v. State of N. Y.*, No. 91-CV-1014, 1992 WL 469733, *2 (N.D. N.Y. Sept. 8, 1992) (holding that the FLSA does "not require that the workweek begin on any given day of the week" provided that "the starting day remain[s] constant"); DLSE

Enforcement Policies and Interpretations Manual at § 48.1.3 (June 2002) ("DLSE Manual").

3. Plaintiff was never entitled to a seventh day overtime premium because she did not work all seven days in a Lowe's workweek. Cal. Labor Code § 510(a); I.W.C. Wage Order 7-2001 at § 3(A)(1); *see Blasdel*, 1992 WL 469733 at *2 (holding that where employees worked seven consecutive days, but "first five days of this work stretch fell within one 'workweek' and the sixth and seventh days fell within another, no overtime compensation was required by the FLSA."); DLSE Manual at § 48.1.3.2; *see also* DLSE Memo., *Understanding AB 60: An In Depth Look at the Provisions of the "Eight Hour Day Restoration and Workplace Flexibility Act of 1999"* (Dec. 23, 1999).

4. Plaintiff cannot recover "waiting time penalties" under California Labor Code § 203 because Lowe's did not owe her (and hence fail to pay her) any seventh day overtime premiums at the time of her termination. Cal. Labor Code § 203(a) (providing that penalties only accrue where the "employer willfully fails to pay" the wages of a terminated employee).

5. It does not constitute an unlawful, unfair, or fraudulent business practice within the meaning of California Business and Professions Code § 17200, *et seq.*, for Lowe's to refuse to pay Plaintiff wages to which she was not entitled in the first instance. *See* Cal. Bus. & Prof. Code § 17200 ("unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice").

Dated:  March 25, 2011

**HUNTON & WILLIAMS LLP**
**Phillip J. Eskenazi**
**Kirk A. Hornbeck**

By    /s/  Phillip J. Eskenazi
          Phillip J. Eskenazi
       Attorneys for Defendant
       LOWE'S HIW, INC.