Allen B. Felahy, Esq., SBN 190177
Oscar Ramirez, Esq., SBN 236768
Boris Sorsher, Esq., SBN 251718
**FELAHY LAW GROUP**
4000 Cover St., Suite 100
Long Beach, CA 90808
(562) 499-2121 tel.
(562) 499-2124 fax

Attorneys for *Plaintiffs* Marilyn Porter, Patrick Borgert, Charlotte Brown, Carla Jean Cooper, Blake Evergettis, Joan McKeown, Edith Murray, Yvette Godoy, Sondra Moore, and Dolores Sepulveda on behalf of themselves, and all other similarly situated California Citizens

# UNITED STATES DISTRICT COURT

## CENTRAL JUDICIAL DISTRICT OF CALIFORNIA

MARILYN PORTER, PATRICK BORGERT, CHARLOTTE BROWN, CARLA JEAN COOPER, BLAKE EVERGETTIS, JOAN MCKEOWN, EDITH MURRAY, YVETTE GODOY, SONDRA MOORE, AND DOLORES SEPULVEDA individually and on behalf of a California Class of other similarly situated individuals,

Plaintiffs,

vs.

LOWE'S HIW INC., a Washington Corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 2:10-cv-06903-MMM (VBKx)

**FIRST AMENDED CLASS ACTION COMPLAINT:**

1. FAILURE TO PAY OVERTIME IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510 & 1194 AND VIOLATION OF § 203 OF THE CALIFORNIA LABOR CODE;
2. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.
3. VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004, CALIFORNIA LABOR CODE §§ 2698 Et. Seq.

Plaintiffs Marilyn Porter, Patrick Borgert, Charlotte Brown, Carla Jean Cooper, Blake Evergettis, Joan McKeown, Edith Murray, Yvette Godoy, Sondra Moore, and Dolores Sepulveda, ("PLAINTIFFS"), as individuals and on behalf of all other similarly situated California citizens, ("CLASS"), allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Marilyn Porter resides within the County of Los Angeles, State of California.

2. Plaintiff Patrick Borgert resides within the County of Contra Costa, State of California.

3. Plaintiff Charlotte Brown resides within the County of Riverside, State of California.

4. Plaintiff Carla Jean Cooper resides within the County of Riverside, State of California.

5. Plaintiff Blake Evergettis Cooper resides within the County of Orange, State of California.

6. Plaintiff Joan McKeown resides within the County of Riverside, State of California.

7. Plaintiff Edith Murray resides within the County of Riverside, State of California.

8. Plaintiff Yvette Godoy resides within the County of Los Angeles, State of California.

9. Plaintiff Sondra Moore resides within the County of Los Angeles, State of California.

10. Plaintiff Dolores Sepulveda resides within the County of Los Angeles, State of California.

11. PLAINTIFFS were hourly, non exempt, employees who were employed by Defendant Lowe's HIW Inc. ("Defendant Lowe's") between the 2007 and 2011 calendar years, at one of Defendant Lowe's home improvement stores, located throughout the State of California.

12. Defendant Lowe's is and was, at all times mentioned herein, a corporation which was doing business in various location across the State of California.

13. PLAINTIFFS bring the current action on behalf of themselves and

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

all other non exempt California residents who were employed by Defendant Lowe's from May 4, 2007, to the date of the certification of this action as a class action.

14.   PLAINTIFFS are ignorant of the true names of Defendants DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their true names and capacities when ascertained, together with apt and proper charging words. PLAINTIFFS are informed and believe and on that basis allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the complaint and that PLAINTIFFS' injuries, as alleged, were proximately caused by the acts or omissions of each of them.

15.   Defendant Lowe's and Does 1-100 shall hereinafter be collectively referred to as DEFENDANTS.

16.   PLAINTIFFS are informed and believe and on that basis allege that each of the DEFENDANTS, including DOES, were and are the agents, employees, servants, subsidiaries, partners, members, associates, or representatives of each other Defendant, including DOES, and all of the things alleged to have been done by the DEFENDANTS, and each of them, were done in the course and scope of the agency, employment, service, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives.

17.   The unlawful practices and tortious conduct complained of herein at least in part occurred in the County of Los Angeles and State of California.

18.   Venue is proper as to all DEFENDANTS in this judicial district as the acts complained of herein occurred in the County of Los Angeles.

19.   DEFENDANTS are within the jurisdiction of this Court for purpose of service of process since they own offices, maintain offices, transact business, have an agent or agents, reside in or are otherwise found within the County of Los Angeles.

## CLASS ACTION ALLEGATIONS

20.    Beginning on or before May 4, 2007, and continuing to the present day, DEFENDANTS required the PLAINTIFFS and the CLASS to work at least seven consecutive work days.

21.    PLAINTIFFS are informed and believe and on that basis allege that PLAINTIFFS and a number of the members of the CLASS were forced to work as many as nine or even ten consecutive work days.

22.    While the PLAINTIFFS and the CLASS members were required to work at least seven consecutive days, they were not paid any overtime for the first eight hours worked on the seventh work day. Likewise, PLAINTIFFS and the CLASS members were not paid any overtime or any double time for the first eight hours worked on the eighth, ninth or any subsequent consecutive workday.

23.    Furthermore, despite the fact that PLAINTIFFS and the CLASS members received commissions and performance based bonuses during pay periods when they worked  40 or more hours per week and 8 or more hours per day, they were paid overtime at 1.5 times their hourly rate instead of 1.5 times the lawful and higher "regular rate" and were therefore, underpaid their lawfully owed overtime.

24.    As of the date of the commencement of this action, DEFENDANTS have not asked the CLASS to approve, and the CLASS members have not approved, an alternative workweek schedule wherein the CLASS members work seven or more consecutive work days.

25.    As of the date of the commencement of this action, DEFENDANTS have not filed with the California Department of Industrial Relations, any documentation which demonstrates that its California employees have approved an alternative workweek schedule pursuant to which the CLASS works seven or more consecutive work days. (See, Labor Code section 511(e).)

26.    PLAINTIFFS bring this action on behalf of themselves, and all other

similarly situated members of the California CLASS, initially defined as:

        a.    All past and present non exempt, employees who were employed in DEFENDANTS' California stores at any time between May 4, 2007, and the date this action is certified.

27.    This action satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

### A.    NUMEROSITY OF PLAINTIFFS

28.    PLAINTIFFS are informed and believe, and based thereon allege that the CLASS consists of both former and current employees and exceeds over 100 individuals. Consequently, the CLASS is so numerous that joinder of all former and current employees would be impractical and burdensome.

### B.    COMMONALITY OF CLAIMS

29.    PLAINTIFFS are informed and believe, and based thereon allege that this action involves questions of law and fact common to the entire CLASS in that all CLASS members were employed by the DEFENDANTS. During their employment, the CLASS members worked seven or more consecutive work days. Pursuant to California's Labor Code Sections 510 for each hour worked by the CLASS members on the seventh consecutive work day, and each subsequent consecutive workday the CLASS members were entitled to receive overtime pay. However, in direct violation of California's Labor Code Sections 510, DEFENDANTS failed to pay CLASS members overtime for each hour worked on the seventh consecutive work day, and each subsequent consecutive workday.

30.    PLAINTIFFS are informed and believe, and based thereon allege that questions of law and fact common to the CLASS predominate over questions affecting individual CLASS members, and that the interests of justice and efficiency will be best served by bringing this action as a class action with regard to the aforementioned interests.

C. **TYPICALITY OF CLAIMS**

31.    PLAINTIFFS are informed and believe, and based thereon allege that their claims are typical of the CLASS members. Likewise, PLAINTIFFS are informed and believe, and based thereon allege that the anticipated affirmative defenses of the DEFENDANTS, asserted in respect to the claims of each member of the CLASS, are similar if not identical.

32.    PLAINTIFFS worked schedules which are typical of other CLASS members and therefore have damages which are representative of the damages incurred by the CLASS members.

D. **ADEQUACY OF REPRESENTATION**

33.    PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the CLASS since they have retained counsel who specializes in complex employment litigation matters, including wage and hour class action cases.

E. **SUPERIORITY OF CLASS ACTION OVER AN INDEPENDENT LAWSUIT**

34.    A class action will help speed the resolution of these cases, expedite discovery, streamline the litigation, and minimize the costs of all parties including DEFENDANTS. A class action proceeding will also allow the parties to adjudicate all claims at one time instead of forcing the parties to engage in countless rounds of litigation as to identical issues of law and similar if not identical issues of fact.

35.    PLAINTIFFS are informed and believe, and based thereon allege that the testimony of each class member as to all of the foregoing issues will be the same or similar, as will the expert testimony regarding the overtime hours worked and not paid for by DEFENDANTS.

36.    PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action which would preclude its maintenance as a class action.

I.
**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME IN VIOLATION OF**
**CALIFORNIA LABOR CODE §§ 510 & 1194 AND**
**VIOLATION OF § 203 OF THE CALIFORNIA LABOR CODE**
**[By PLAINTIFFS and the CLASS Against All Defendants]**

37.     PLAINTIFFS reallege and incorporate by reference the allegations

contained in paragraphs 1 through 36, above as if fully set forth herein.

38.     PLAINTIFFS are informed and believe, and based thereon allege that

PLAINTIFFS and each member of the CLASS is a person employed in a mercantile

industry.

39.     The terms of employment for each individual employed in the

mercantile industry are covered by Wage Order No. 7-2001, (hereinafter "Wage Order

No. 7-2001").

40.     Pursuant to section 3A of Wage Order No. 7-2001, all non-exempt

employees, which fall under the purview of this order shall be paid at: "One and one-half

(11/2) times the employee's regular rate of pay for the first eight (8) hours worked on

the seventh (7th) consecutive day of work in a workweek."

41.     PLAINTIFFS are informed and believe, and based thereon allege

that PLAINTIFFS and the CLASS members  are non-exempt and as such are subject to

the overtime pay provisions of California Wage Order No. 7-2001.

42.     California Labor Code Section 510 stated that:

> "the first eight hours worked on the seventh day of work in any one
> workweek shall be compensated at the rate of no less than one and one-half
> times the regular rate of pay for an employee....In addition, any work in
> excess of eight hours on any seventh day of a workweek shall be
> compensated at the rate of no less than twice the regular rate of pay of an
> employee."

43.     Between May 4, 2007, and the present date, at least once during each

month, PLAINTIFFS and the CLASS members worked seven or more consecutive work

days without receiving any overtime for the first eight hours worked on the seventh work

day or any subsequent consecutive work date.

- 7 -
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

44.   Consequently, PLAINTIFFS and each of member of the CLASS are entitled to payment of overtime pay, since DEFENDANTS failed to pay these persons the overtime pay to which they were entitled, under <u>Labor Code</u> Section 510 and Wage Order No. 4-2001.

45.   California Labor Code Section 510, also states that:

"Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

46.   In addition to working seven consecutive work days, on and after May 4, 2007, PLAINTIFFS and other members of the Class as a matter of practice, worked in excess of forty (40) hours in a workweek, and also worked in excess of eight (8) hours in a day. These persons were therefore entitled to payment of daily and weekly overtime pay under Labor Code Section 510. While employed by the DEFENDANTS, the PLAINTIFFS were paid on a hourly basis and on occasion received overtime pay. However, when the PLAINTIFFS were paid overtime those overtime payments did not comply with California's wage and hours laws because the rate at which the PLAINTIFFS were paid was reduced below the legally required rate. Specifically, the PLAINTIFFS were paid overtime at 1.5 times their hourly wage. However, California law requires hourly employees to receive overtime pay at 1.5 times the "regular rate," which is higher than the normal hourly wage. By paying PLAINTIFFS at 1.5 time their hourly rate as opposed to 1.5 times their regular rate the DEFENDANTS underpaid PLAINTIFFS the overtime pay owed under Labor Code Section 510.

47.   The PLAINTIFFS and the CLASS members are entitled to recover the unpaid balance of the full amount of the underpaid overtime compensation and are also entitled to recover interest on the unpaid overtime wages due to them as well as reasonable attorneys' fees and costs of suit, pursuant to Section 218.5 and 1194(a) of the California <u>Labor Code</u>.

48.   Section 203 of the California <u>Labor Code</u> provides for the payment of

1  "waiting time penalties" which are assessed if an employer fails to pay all wages due

2  to an employee upon termination of that employees tenure. Section 203 of the California

3  Labor Code encompasses both overtime and regular wages. The PLAINTIFFS and the

4  CLASS members who have been terminated by DEFENDANTS prior to the date of the

5  certification of this lawsuit, as a class action, are in fact still owed their overtime wages

6  and are therefor entitled to recover the waiting time penalties provided for in Section

7  203 of the California Labor Code.

8                                          **II.**
                          **SECOND CAUSE OF ACTION**
9  **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE**
                          **SECTION 17200, ET SEQ.**
10                **[By PLAINTIFFS and the CLASS Against All Defendants]**

11        49.    PLAINTIFFS reallege and incorporate by reference the allegations

12  contained in paragraphs 1 through 48, above as if fully set forth herein.

13        50.    Section 17200 of the California Business and Professions Code prohibits

14  any unlawful, unfair or fraudulent business act or practice.

15        51.    DEFENDANTS have engaged in, and continue to engage in the following

16  unlawful, unfair and fraudulent business practices in violation of Section 17200 of the

17  California Business and Professions Code:

18        a.)    The failure to pay the CLASS members all wages for hours worked

19                including overtime pay due them under California law; and

20        b.)    The failure to pay the CLASS members wages for hours worked due them

21                upon termination of their employment.

22                (See, California Labor Code Sections 201, 202, 203 and 510, 1194.)

23        c.)    Requiring the CLASS members to work seven or more consecutive work

24                days without providing one day of rest in seven.

25        52.    These challenged policies and practices have harmed PLAINTIFFS, the

26  CLASS, and the general public.

27        53.    As a result of these unlawful policies and practices, PLAINTIFFS and the

28

- 9 -
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1   CLASS members are entitled to an injunction to be issued against DEFENDANTS,

2   pursuant to Section 17203 of the California Business and Professions Code, to prevent

3   them from engaging in such future unlawful, unfair and fraudulent business practices.

4   PLAINTIFFS and the CLASS members also are entitled to an order requiring

5   DEFENDANTS to disgorge the ill-gotten gains obtained by engaging in these unlawful

6   business practices and to provide restitution to all persons who have suffered damages

7   or injury as a result of these unlawful business practices, including but not limited to all

8   CLASS members.

## III.
## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004, CALIFORNIA LABOR CODE §§ 2698, Et. Seq.
## [By PLAINTIFFS and the Class Against All Defendants]

54.    PLAINTIFFS reallege and incorporate by reference the allegations contained in paragraphs 1 through 45, above as if fully set forth herein.

55.    Cal. Lab. Code § 551 requires that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

56.    Cal. Lab. Code § 552 further requires that, "No employer of labor shall cause his employees to work more than six days in seven."

57.    DEFENDANTS required PLAINTIFFS, and other members of the CLASS, to work seven or more consecutive days. Additionally, DEFENDANTS intentionally and consistently failed to provide PLAINTIFF, and other members of the CLASS, one day off in seven to prevent PLAINTIFFS and other members of the CLASS from so working seven or more consecutive days.

58.    Defendant Lowe's HIW, Inc. also failed to calculate its employees' "regular rate" properly for overtime purposes by failing to adjust the rates upwards to account for all commissions and bonuses earned by the employees in violation of Cal. Lab. Code § 510.

59.    At all relevant times, the Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, *et seq.* ("PAGA"), has been applicable to PLAINTIFFS' employment by DEFENDANTS.

60.    Pursuant to PAGA, a civil action may be brought by an "aggrieved employee" (*i.e.*, any person that was employed by the alleged violator and against whom one or more of the alleged violations were committed) for violations of California's Labor Code.

61.    PLAINTIFFS were employed by DEFENDANTS and the alleged violations described herein were committed against them during their time of employment and they are, therefore, aggrieved employees.

62.    Before an aggrieved employee may maintain a civil action under PAGA:

A)    The aggrieved employee shall give written notice by certified mail (the "Employee's Notice") to the Labor and Workforce Development Agency ("LWDA") and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

b)    The LWDA shall provide notice (the "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to PAGA to recover civil penalties.

63.    On February 11 and February 17, 2011, PLAINTIFFS provided written

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  notice by certified mail to the LWDA and to Defendant Lowe's HIW, Inc. of the specific

2  provisions of the California Labor Code alleged to have been violated, including the

3  facts and theories to support the alleged violations.  Attached as Exhibits A and B are

4  true and correct copies of PLAINTIFFS' letters to the LWDA dated February 11 and

5  February 17, 2011, respectively.

6        64.    To date, the LWDA has not issued an LWDA Notice in response to the

7  Employee's Notices.  More than thirty-three calendar days have elapsed since the latest

8  postmark date of PLAINTIFFS' Employee's Notices.

9        65.    PLAINTIFFS have therefore satisfied the administrative prerequisites

10 under Cal. Lab. Code § 2699.3(a) to recover civil penalties against Defendant Lowe's

11 HIW, Inc.

12

13        WHEREFORE, the PLAINTIFFS and the CLASS pray for judgment against the

14 DEFENDANTS, and each of them, as follows:

15        1.    For compensatory damages against DEFENDANTS to be paid to
             PLAINTIFFS and the CLASS, including all overtime pay owed to the
             Class under California law;

18        2.    For damages according to proof, as set forth in Labor Code §§ 200-204,
             510 and 1194 (and all applicable California Labor Code Sections and
             Industrial wage orders) regarding wages due and owing;

21        3.    For any initial violation, fifty dollars for each underpaid employee for each
             pay period for which the employee was underpaid in addition to an amount
             sufficient to recover underpaid wages;

24        4.    For each subsequent violation, one hundred dollars for each underpaid
             employee for each pay period for which the employee was underpaid in
             addition to an amount sufficient to recover underpaid wages;

27        5.    For pre-judgment interest as allowed by the Labor Code §§ 1194, 218.5 and

28

- 12 -
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Civil Code § 3287(b), for waiting time penalties as authorized under Labor Code § 203, and for liquidated damages on the straight time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by the Labor Code § 1194.2(a));

6.  Reasonable attorneys' fees and costs of this action pursuant to Labor Code Section 1194(a)  and Labor Code Section 218.5;

7.  An injunction against DEFENDANTS, pursuant to section 17203 of the California Business and Professions Code, to prevent them from engaging in such future unlawful, unfair and fraudulent business practices.  The CLASS is also are entitled to an order requiring DEFENDANTS to disgorge the ill-gotten gains obtained by engaging in these unlawful business practices and to provide restitution to all persons who have suffered damages or injury as a result of these unlawful business practices, during the applicable limitations period. The restitution includes all monies retained as wages, all waiting time penalties as defined in Labor Code § 201, § 202, § 203, §510, §558, §1194. Pre-judgment interest, and attorney's fees as a result of the unfair business practices;

9.  For all monies converted, taken, or appropriated by DEFENDANTS with interest thereon; and any and all profits, whether direct or indirect, DEFENDANTS acquired by their conversion; and for punitive and exemplary damages;

10. For each employee who was denied one day of rest in seven, the maximum civil penalty specified in California Labor Code § 558, in the amount of fifty dollars ($50) for Plaintiff and each aggrieved member of Class per pay period for the initial violation and one hundred dollars ($100) for Plaintiff and each aggrieved member of Class per pay period for each subsequent violation for the applicable statute of limitations prior to the filing of this

Complaint until the date of compliance with the law; and

11.  Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: May 27, 2011                    FELAHY LAW GROUP

By: _____/s/_____

OSCAR RAMIREZ, ESQ.,
Attorney for Plaintiffs

- 14 -
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT A



4000 COVER STREET
SUITE 100
LONG BEACH, CA 90808

(562) 499-2121
(562) 499-2124 FAX
WWW.FELAHYLAW.COM

February 11, 2011

***Via Certified U.S. Mail***
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814
Phone: (916) 327-9064

Lowe's HIW, Inc., through its agent:
CSC - LAWYERS INCORPORATING SERVICE
2730 Gateway Oaks Drive. STE 100
Sacramento, CA 95833

***Courtesy Copy Provided To:***
Kirk A. Hornbeck, Esq.

HUNTON & WILLIAMS LLP

550 S. Hope Street, Suite 2000

Los Angeles, CA 90071-2627

Phone: 213-232-2000

     RE:   Yvette Godoy v. Lowes'HIW Inc.

To Whom It May Concern:

Pursuant to California Labor Code section 2699.3, this letter shall serve to inform you that Yvette Godoy and Dolores Sepulveda ("Claimants"), on behalf of themselves and all others similarly situated, intend to utilize the protection granted by the California Labor Code Private Attorney General Act of 2004 ("the Act") (Cal Labor Code §2698 et seq). This correspondence will serve to satisfy the notice requirements of the Act.

Specifically, Claimants seek relief under the protections of the Act because Defendant Lowe's HIW Inc, in violation of California's Labor Code, required its employees, once each month, to work at

least seven consecutive work days without providing them with a day of rest. Defendant's conduct violates the California Industrial Wage Orders, California's Labor Code (specifically sections §§ 551 and 542), and California Business & Professions Code.

Claimants intend to seek monetary and injunctive relief on behalf of a Class for the foregoing violations of law. Pursuant to the provisions of the Act, this letter shall serve as Claimants' official notice of their intent to file the action and shall serve as their preliminary inquiry as to whether the Labor and Workforce Development Agency intends on independently investigating or pursuing this action.

Most Sincerely,

FELAHY LAW GROUP

BORIS SORSHER, ESQ.

Attorneys for Yvette Godoy and Dolores Sepulveda

EXHIBIT B



4000 COVER STREET
SUITE 100
LONG BEACH, CA 90808

# FELAHY
L A W   G R O U P

(562) 499-2121
(562) 499-2124 FAX
WWW.FELAHYLAW.COM

February 17, 2011

***Via Certified U.S. Mail***
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814
Phone: (916) 327-9064

Lowe's HIW, Inc., through its agent:
CSC - LAWYERS INCORPORATING SERVICE
2730 Gateway Oaks Drive. STE 100
Sacramento, CA 95833

***Courtesy Copy Provided To:***

Kirk A. Hornbeck, Esq.

HUNTON & WILLIAMS LLP

550 S. Hope Street, Suite 2000

Los Angeles, CA 90071-2627

Phone: 213-232-2000

RE:     Dolores Sepulveda v. Lowes'HIW Inc.

To Whom It May Concern:

Pursuant to California Labor Code section 2699.3, this letter shall serve to inform you that Yvette Godoy and Dolores Sepulveda ("Claimants"), on behalf of themselves and all others similarly situated, intend to utilize the protection granted by the California Labor Code Private Attorney General Act of 2004 ("the Act") (Cal Labor Code §2698 et seq). This correspondence will serve to satisfy the notice requirements of the Act.

Specifically, Claimants seek relief under the protections of the Act because Defendant Lowe's HIW Inc, in violation of California's Labor Code failed to pay its employees all of their overtime pay.

Page 1 of 2

Specifically, Lowe's improperly calculated their overtime rates by failing to adjust the rates upwards to account for all commissions and bonuses earned by the employees. Further, in violation of the California Industrial Wage Orders and California's Labor Code (specifically sections §§ 511, 226, and 1174 ) Lowe's failed to provide its employees with itemized accurate wage statements and failed to maintain accurate payroll records. Indeed, all wage statements provided to the employees contained the incorrect and artificially deflated overtime pay rates and amounts.

Claimants will seek monetary and injunctive relief on behalf of a Class for the foregoing violations of law. Pursuant to the provisions of the Act, this letter shall serve as Claimants' official notice of their intent to file the action and shall serve as their preliminary inquiry as to whether the Labor and Workforce Development Agency intends on independently investigating or pursuing this action.

Most Sincerely,

FELAHY LAW GROUP

BORIS SORSHER, ESQ.

Attorneys for Yvette Godoy and Dolores Sepulveda

Allen B. Felahy, Esq., SBN 190177
Oscar Ramirez, Esq., SBN 236768
Boris Sorsher, Esq., SBN 251718
Zack Domb, Esq., SBN 265185
**FELAHY LAW GROUP**
4000 Cover St., Suite 100
Long Beach, CA 90808
(562) 499-2121 tel.
(562) 499-2124 fax

Attorneys for *Plaintiff* Marilyn Porter, individually,
and on behalf of a California Class of other similarly situated individuals

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARILYN PORTER,
individually, and on behalf of a
California Class of other similarly
situated individuals,

Plaintiffs,

vs.

LOWE'S HIW INC., a Washington
Corporation; and DOES 1 through
100, inclusive,

Defendants.

CASE NO.: CV 10-06903-MMM (VBKx)

**PROOF OF SERVICE**

Hon. Margaret M. Morrow
Courtroom: 780

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 4000 Cover Street, Suite 100, Long Beach, CA 90808.

On May 31, 2011, I served the following documents:

1.   **PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

upon the interested parties in this action by placing [  ] the original [ X ] true copies thereof, enclosed in a sealed envelope addressed as follows:

//

//

1   Phillip J. Eskenazi, Esq.
    Kirk A. Hornbeck, Esq.
2   HUNTON & WILLIAMS LLP
    550 S. Hope Street, Suite 2000
3   Los Angeles, CA 90071-2627
    Phone: 213-232-2000
4   Fax:    213-532-2020

5

6   [ X ]   **(BY MAIL   [California])**   I am readily familiar with Felahy Law Group's practice for
    collection and processing of correspondence for mailing within the United States Postal Service;
7   such envelope will be deposited with the United States Postal Service on the date shown below in the
    ordinary course of business at the business address shown above; and such envelope was placed for
8   collection and mailing on the date shown below according to Felahy Law Group's ordinary business
    practices.

9   [ ]   **(BY FEDERAL EXPRESS)** I am readily familiar with Felahy Law Group's practice for
    collection and processing of correspondence for mailing within the Federal Express Service; such
10  envelope will be deposited with the Federal Express Service on the date shown below in the ordinary
    course of business at the business address shown above; and such envelope was placed for collection
11  and mailing on the date shown below according to Felahy Law Group's ordinary business practices.

12  [ ]   **(BY PERSONAL SERVICE)**   I caused to be hand-delivered the documents described
    hereinabove to the person named above.
13
    [ ]   **(BY MESSENGER SERVICE)**   I caused the documents described hereinabove to be hand-
14  delivered to the offices of the addressee(s) on the date shown above.

15  [ ]   **(BY TELECOPIER)**   I caused the above document(s) to be telecopied to the addressee(s)
    at the telecopier number as follows: 213-532-2020
16
    [ ]   **(BY ELECTRONIC MAIL)** I caused the above document(s) to be e-mailed to the
17  addressee(s) at the as follows:

18  [ X ]   **(FEDERAL COURT)** I declare under penalty of perjury under the laws of the United States
    of America that the above is true and correct.
19

20      Executed on May 31, 2011, at Long Beach, California.

21

22                                      Joshua A. Kuns

23

24

25

26

27

28

---

- 2 -
PROOF OF SERVICE