E-Filed: 11.30.11

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN PORTER, PATRICK BORGERT, CHARLOTTE BROWN, CARLA JEAN COOPER, BLAKE EVERGETTIS, JOAN MCKEOWN, EDITH MURRAY, YVETTE GODOY, SONDRA MOORE, and DELORES SEPULVEDA, individually, and on behalf of a California class of other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 10-06903 MMM (JCGx)<br><br>JUDGMENT |

On November 23, 2011, the court entered an order finally approving the parties' settlement of this class action. Accordingly,

IT IS ORDERED AND ADJUDGED

1. That the court certifies a settlement class comprised of all past and present non-exempt employees of Defendant who were employed in the Defendant's California stores at any time from May 4, 2007 through the date of preliminary approval of the settlement.

2. That the settlement administrator shall distribute to class members the individual

settlement awards within 10 business days after the date on which the time to challenge any aspect of this settlement has lapsed, provided that no appeal has been filed.  If an appeal is filed, the payments shall be made within 10 business days after a final resolution of all appeals, provided that the settlement is upheld;

3. That settlement administration costs shall be paid out of the maximum settlement amount, as provided in the agreement;

4. That class counsel shall be paid $120,000 in reasonable attorneys' fees;

5. That plaintiff Marilyn Porter shall receive an incentive payment of $5,000, while the other nine named plaintiffs shall each receive an incentive payment of $2,000;

6. That plaintiffs' claims be, and they hereby are, dismissed with prejudice on the terms and conditions set forth in the parties' settlement agreement, and that all class members who did not request exclusion from the settlement release all "Released Claims" against all "Released Parties" as set forth in the settlement agreement; and

6. With respect to the "Released Claims" only, the members of the plaintiff class shall be deemed to have, and by operation of this final judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release; and

6. That this action be, and it hereby is, dismissed.

The court retains jurisdiction for the purposes of supervising implementation of the parties' settlement.

DATED: November 30, 2011

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE